## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | )    C.A. NO.: |
| | ) |
| v. | ) |
| | ) |
| JON W. DUDAS, in his official capacity | ) |
| as Under Secretary of Commerce for | ) |
| Intellectual Property and Director of the | ) |
| United States Patent and Trademark Office, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), Plaintiff Somerset Pharmaceuticals, Inc. ("Somerset") hereby moves for a Preliminary Injunction requiring Defendant Jon W. Dudas ("the Director"), Director of the U.S. Patent and Trademark Office ("PTO") to decide upon, and grant, Somerset's pending Application for Patent Term Extension Under 35 U.S.C. § 156(e)(2) ("Application for Interim Extension") for U.S. Reissue Patent No. 34,579 ("the '579 Patent"). Somerset also asks that these Preliminary Injunction proceedings be consolidated with proceedings on the merits under Fed. R. Civ. P. 65(a)(2).

The grounds for this motion are more particularly set forth in the accompanying Brief. In summary, the governing statute and rules establish an administrative procedure for obtaining an interim extension of a patent. The PTO's interim extension decisions, including any failure by the agency to decide a pending application for interim extension, are reviewable in this Court under the Administrative Procedure Act. Because Somerset's patent is set to expire in less than three months -- before a decision by the Director regarding Somerset's longstanding and

*separate* request to extend the patent under the Hatch Waxman Act can be issued (and, if necessary, reviewed by a court) -- Somerset will be irreparably harmed if the Director does not grant *interim* relief now, while the PTO continues to review the underlying patent term extension request. There will be no harm to the Director, the PTO, or the public if the Director is required to follow the statute, PTO rules, and established PTO precedent, all of which require that the requested interim extension be granted under the circumstances of this case.

Plaintiff Somerset, therefore, asks that Defendant Dudas be ordered to decide and grant Somerset's Application for Interim Extension. Somerset prays that this Honorable Court will:

1.      Enter an order under Fed. R. Civ. P. 65(a)(2) to consolidate the hearing on the Preliminary Injunction with a final action on the merits;

2.      Enter an order declaring that the Director's failure to decide Plaintiff's Application for Interim Extension of the term of the '579 Patent is unlawful;

3.      Enter an order declaring that the Director's failure to grant Plaintiff's Application for Interim Extension of the term of the '579 Patent is unlawful;

4.      Enter an order compelling the Director to immediately decide upon Plaintiff's Application for Interim Extension of the '579 Patent; and,

5.      Enter an order compelling the Director to immediately grant an interim extension of the term of the '579 Patent for a period of one year from the expiration date of the patent, until August 18, 2008, or until a final, non-appealable judicial decision of the eligibility of Somerset's Application for Patent Term Extension of the '589 Patent is obtained, whichever is earlier, and that the interim extension shall continue even if the PTO issues a final determination that the '579 Patent is not eligible for extension under 35 U.S.C. § 156.

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

Undersigned counsel hereby certifies that counsel for the Plaintiff have communicated with representatives of the Defendant on numerous occasions as detailed in the accompanying Declaration of Margaret J. Sampson, including yesterday, May 21, 2007, in an unsuccessful effort to reach agreement on the matters set forth in this motion.

Respectfully submitted,

David E. Wilks
Del. Bar I.D. 2793
**Reed SmithLLP**
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Tel.  302.778.7560
Fax 302.778.7575

John M. Faust
**VINSON & ELKINS L.L.P.**
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C.  20004-1008
Tel. 202.639.6500
Fax  202.639.6604

Counsel for Plaintiff
Somerset Pharmaceuticals, Inc.

May 22, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOMERSET PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO.: |
| | ) | |
| v. | ) | |
| | ) | |
| JON W. DUDAS, in his official capacity | ) | |
| as Under Secretary of Commerce for | ) | |
| Intellectual Property and Director of the | ) | |
| United States Patent and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## [PROPOSED] ORDER

Upon consideration of the motion of Plaintiff Somerset Pharmaceuticals, Inc. for a Preliminary Injunction, and for good cause shown, it is hereby ORDERED that the Motion shall be, and it hereby is, GRANTED.

Accordingly, it is hereby ORDERED that:

1.   The failure of the United States Patent and Trademark Office ("PTO") to timely decide upon and grant Somerset's pending Application for Patent Term Extension Under 35 U.S.C. § 156(e)(2) ("Application for Interim Extension") for U.S. Reissue Patent No. 34,579 ("the '579 Patent") is hereby declared unlawful under 5 U.S.C. § 706(1) as "agency action unlawfully withheld or unreasonably delayed."

2.   The PTO Director shall immediately decide upon Plaintiff's Application for Interim Extension of the '579 Patent;

3.   The PTO Director shall immediately grant an interim extension of the term of the '579 Patent for a period of one year from the expiration date of the patent, until

August 18, 2008, or until a final, non-appealable judicial decision of the eligibility of Somerset's Application for Patent Term Extension of the '579 Patent is obtained, whichever is earlier, which interim extension shall continue even if the PTO issues a Final Determination that the '579 Patent is not eligible for extension under 35 U.S.C. § 156.

4.    Pursuant to Fed. R. Civ. P. 65(a)(2), these preliminary injunction proceedings are consolidated with proceedings on the merits, such that this Order constitutes the Court's judgment for Plaintiff on the merits of this case.


ENTERED: _____        _____
                                           U.S. District Judge

## CERTIFICATE OF SERVICE

On this 22nd day of May, 2007, I caused to be served a copy of the foregoing Plaintiff's Motion for Preliminary Injunction and a proposed Order, as follows:

## BY HAND DELIVERY

Jon W. Dudas
Under Secretary of the United States Department of Commerce
   and Director of the United States Patent and Trademark
Madison Building East, Room 10B20
600 Dulany St.
Alexandria, Virginia 22314

John Whealan
Office of the Solicitor
Director of the United States Patent and Trademark Office
Madison Building East, Room 10B20
600 Dulany Street
Alexandria, VA  22314
Tel:  (571) 272-9035
Fax: (517) 273-0373

Colm F. Connolly
United States Attorney
District of Delaware
700 Nemours Building
1007 Orange Street
Wilmington, DE  19801
Tel:  (302) 573-6277
Fax: (302) 573-6220

The Honorable Alberto R. Gonzales
United States Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
Tel:  (202) 514-2001
Fax: (202) 517-4507

                               _____
                                Attorney for Plaintiff