IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> JON W. DUDAS, in his official capacity ) <br> as Under Secretary of Commerce for ) <br> Intellectual Property and Director of the ) <br> United States Patent and Trademark Office, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 07-279 (GMS) |

## ANSWER

Under Federal Rules of Civil Procedure 8(c) and 8(b), Defendant, Jon W. Dudas, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, through his undersigned counsel, respectfully submits the following answer and affirmative defenses to the allegations in Plaintiff's Complaint in the above-captioned matter:

### Answer to Complaint

Defendant answers the correspondingly numbered paragraphs of Plaintiff's complaint as follows:

### Parties

1.  Defendant admits that Plaintiff is Somerset Pharmaceuticals, Inc., a pharmaceutical company, but denies for lack of knowledge or information sufficient to form a belief as to the truth of the matter of asserted that Plaintiff is a corporation under

Delaware law and that Plaintiff's principal place of business is located in Tampa, Florida 33607.

2. Defendant admits that it is located in Alexandria, Virginia and that it occupies the Madison Building East, Room 10B20, 600 Dulany Street.

### Jurisdiction and Venue

3. The allegations in paragraph 3 involve legal conclusions concerning jurisdiction to which no response is required.

4. The allegations in paragraph 4 involve legal conclusions concerning venue to which no response is required.

### Factual Allegations

#### *The Product*

5. Defendant admits that Plaintiff's product is EMSAM®, which is a selegiline transdermal patch that is applied to the skin. Defendant admits that the sole active ingredient in EMSAM® is selegiline. Defendant denies the remaining allegations in paragraph 5 because Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations.

6. Defendant admits the allegations in paragraph 6.

7. Defendant admits the allegations in paragraph 7.

#### *Somerset's Application for Patent Term Extension*

8. The allegations in paragraph 8 involve legal conclusions concerning requirements of 35 U.S.C. § 156 to which no response is required.

9. Defendant admits that less than 1.5 years of patent term remained for U.S. Reissue Patent No. 34,579 ("the '579 patent") when Plaintiff received FDA approval on

February 27, 2006, but denies the remaining allegations in paragraph 9 concerning the regulatory review period for EMSAM® for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

10. Defendant admits the allegations in paragraph 10.

11. Defendants admits that Plaintiff seeks a patent term extension for the '579 patent for 5 years until August 18, 2012, but denies the remaining allegations in paragraph 11 concerning the regulatory review period for EMSAM® for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

12. Defendant admits the allegations in paragraph 12.

13. The allegations in paragraph 13 are Plaintiff's characterizations to which no response is required. To the extent that a response to the allegations is deemed to be required, Defendant denies the allegations.

14. Defendant admits the allegation in paragraph 14 that the Defendant had not issued a final agency decision on Plaintiff's patent term extension application for the '579 patent <u>as of the date Plaintiff filed the Complaint</u> and did not provide a timeframe within which Defendant would issue that decision other than to advise that Plaintiff's application was pending and under consideration. However, on July 12, 2006, Defendant issued a final agency decision on Plaintiff's patent term extension application and its interim extension request, denying any patent term or interim extension of the '579 patent. The remaining allegations in paragraph 14 involve legal conclusions concerning requirements of 35 U.S.C. § 156(e)(2) to which no response is required.

15. Defendant denies the allegations in paragraph 15 that Defendant has failed to act promptly on Plaintiff's patent term extension application; Defendant issued a final

agency decision on Plaintiff's patent term extension application and its interim extension request on July 12, 2006.

### *Somerset's Application for Interim Extension*

16.    The allegations in paragraph 16 involve legal conclusions concerning requirements of 35 U.S.C. § 156(e)(2) to which no response is required.

17.    Defendant admits the allegations in paragraph 17.

18.    The allegations in paragraph 18 involve Plaintiff's characterizations and legal conclusions concerning requirements of 35 U.S.C. § 156 to which no response is required.

19.    The allegations in paragraph 19 involve Plaintiff's characterizations and legal conclusions concerning requirements of 35 U.S.C. § 156 to which no response is required.

20.    The allegations in paragraph 20 involve Plaintiff's characterizations and legal conclusions concerning requirements of 35 U.S.C. § 156 to which no response is required.

21.    Defendant denies the allegations in paragraph 21 concerning the marketing exclusivity available for EMSAM® for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. The remaining allegations in paragraph 21 are Plaintiff's characterizations to which no response is required.

22.    Defendant admits the allegations in paragraph 22 that Plaintiff requested Defendant to decide its interim extension request within three months, i.e., by May 21, 2007, in its interim extension filing. The remaining allegations in paragraph 22

concerning the requirements of 37 C.F.R. § 1.760 involve legal conclusions to which no response is required.

23.     The allegation in paragraph 23 concerning the Defendant's conformity with In re Reckitt, 230 USPQ 369 (Comm'r Pat. & Trademarks Mar. 17, 1986), involves a legal conclusion to which no response is required. Defendant admits the remaining allegations contained in paragraph 23 concerning the filings in U.S. Patent No. 4,600,706.

24.     Defendant denies the allegations in paragraph 24 in that Defendant has informed Plaintiff, upon each inquiry from Plaintiff, as to the accurate status of its Interim Extension Request, i.e., that its request was pending and under consideration. And, on July 12, 2007, Defendant issued a final agency decision on Plaintiff's patent term extension application and its interim extension request.

## Count I: Administrative Procedure Act

25.     Defendant admits the allegation in paragraph 25.

26.     The allegations in paragraph 26 are Plaintiff's characterizations and involve legal conclusions to which no response is required. To the extent that a response to the allegations is deemed to be required, Defendant denies the allegations.

27.     The allegations in paragraph 27 are Plaintiff's characterizations and involve legal conclusions to which no response is required. To the extent that a response to the allegations is deemed to be required, Defendant denies the allegations.

28.     The allegations in paragraph 28 are Plaintiff's characterizations and involve legal conclusions to which no response is required. To the extent that a response to the allegations is deemed to be required, Defendant denies the allegations in that Defendant has issued a final agency decision on Plaintiff's patent term extension

application and its interim extension request on July 12, 2006, denying any patent term or interim extension to the '579 patent.

29. Defendant denies the allegation in paragraph 29 regarding Defendant's inaction in that Defendant has issued a final agency decision on Plaintiff's patent term extension application and its interim extension request on July 12, 2006, denying any patent term or interim extension to the '579 patent. The remaining allegations in paragraph 28 are Plaintiff's characterizations and involve legal conclusions to which no response is required. To the extent that a response to the remaining allegations is deemed to be required, Defendant denies those allegations.

30. Defendant denies the allegation in paragraph 30 that declaratory and injunctive relief to compel Defendant to act on Plaintiff's interim extension request is the only adequate remedy available to Plaintiff because Defendant has issued a final agency decision on Plaintiff's patent term extension application and its interim extension request on July 12, 2006, for which Defendant may seek judicial review.

31. Defendant denies each and every allegation not previously admitted or otherwise qualified and denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Complaint following the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSE

(mootness)

On July 12, 2007, Defendant issued a final agency decision on Plaintiff's patent term extension application and Plaintiff's interim extension request, denying any extension to the '579 patent. Accordingly, there is no need for this Court to order the mandamus relief that Plaintiff requests. Plaintiff's complaint is therefore moot.

WHEREFORE, Defendant prays that the Court:

1. Dismiss the Complaint against Defendant with prejudice as moot;

2. Grant Defendant all reasonable expenses incurred in defending this action under 15 U.S.C. § 1071(b)(3); and

3. Grant Defendant such and other further relief as the Court may deem just and proper.

                        Respectfully submitted,

                        COLM CONNELLY
                        UNITED STATES ATTORNEY

By: /s/Patricia C. Hannigan
    Patricia C. Hannigan
    Assistant U.S. Attorney
    The Nemours Bldg.
    1007 Orange Street, Suite 700
    P. O. Box 2046
    Wilmington, Delaware 19899-2046
    (302) 573-6277
    Patricia.Hannigan@usdoj.gov

DATE: July 17, 2007

OF COUNSEL:    STEPHEN WALSH
                       Acting Solicitor
                       United States Patent and Trademark Office

                       Janet Gongola
                       Nathan Kelley
                       William LaMarca
                       Associate Solicitors
                       United States Patent and Trademark Office
                       P.O. Box 15667
                       Arlington, Virginia 22215

                       Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I, Patricia C. Hannigan, hereby certify that on **July 17, 2007,** I electronically filed the foregoing **ANSWER** with the Clerk of Court using CM/ECF which will send electronic notification of such filing to the following:

**David E. Wilks, Esquire**
Reed Smith LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
(302) 778-7560
Fax: (302) 428-3996
dwilks@reedsmith.com

                              COLM F. CONNOLLY
                              United States Attorney

                    By:  /s/Patricia C. Hannigan
                          Patricia C. Hannigan
                          Assistant United States Attorney
                          Delaware Bar I.D. No. 2145
                          The Nemours Building
                          1007 Orange Street, Suite 700
                          P. O. Box 2046
                          Wilmington, DE 19899-2046
                          (302) 573-6277
                          Patricia.Hannigan@usdoj.gov