IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-279 (GMS) |
| ) | |
| JON W. DUDAS, in his official capacity ) | |
| as Under Secretary of Commerce for ) | |
| Intellectual Property and Director of the ) | |
| United States Patent and Trademark Office, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DIRECTOR'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

On July 17, 2007, Somerset Pharmaceuticals, Inc. ("Plaintiff") filed a motion for a temporary restraining order and preliminary injunction, (D.I. 22), requesting this Court to order the United States Patent and Trademark Office ("USPTO") to extend the term of the United States Reissue Patent No. 34,579 ("the '579 patent") until completion of all judicial review of the USPTO's final agency decision denying Plaintiff's patent term extension application under 35 U.S.C. § 156 of the '579 patent. Plaintiff argues that a temporary restraining order is needed to preserve the status quo until a hearing on its second preliminary injunction motion. See Pl.'s Br. in Support of Pl.'s Mot. For Temporary Restraining Order & Preliminary Injunction at 7.

Under Federal Rule of Civil Procedure 65, a court may order a temporary restraining order if "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the

adverse party or that party's attorney can be heard in opposition . . . ." Fed. R. Civ. P. 65. Here, a temporary restraining order is not needed for more than one reason. First, Plaintiff's second preliminary injunction motion will be fully briefed before Plaintiff's '579 patent expires on August 18, 2007. The USPTO will submit its responsive brief in accordance with Delaware Local Rule 7.1.2 (b) by August 2, 2007. See Local Rules of Practice and Procedure of the United States District Court for the District of Delaware 7.1.2 (b) ("Unless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 10 days . . . ."). Under Delaware Local Rule 7.1.2 (b), Plaintiff's reply will be due on August 9, 2007. See id. ("Once the responsive papers have been deemed served, the moving party may file a reply within 5 days."). Therefore, before the '579 patent expires, this Court will have the parties' positions and arguments before it, after which it may consider and decide the propriety of Plaintiff's second preliminary injunction request. Accordingly, Plaintiff will not suffer any immediate and irreparable injury before a hearing on its second preliminary injunction motion.

Second, under Federal Rule of Civil Procedure 65, any temporary restraining order granted without notice is not to exceed ten days. Fed. R. Civ. P. 65 ("Every temporary restraining order granted without notice . . . shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes . . . ."). Thus, such an order, if issued by this Court today, would have no effect in extending the term of the '579 patent because such patent already remains in force for the next twenty-six days without extension.

For the foregoing reasons, this Court should deny Plaintiff's request for a temporary restraining order, (D.I. 22). A proposed order is attached.

              Respectfully submitted,

              COLM F. CONNOLLY
              UNITED STATES ATTORNEY

              DAVID C. WEISS
              First Assistant United States Attorney

By: _____ #3852
   For PATRICIA C. HANNIGAN
     Assistant United States Attorney
     Delaware Bar No. 2145
     The Nemours Bldg.
     1007 Orange Street, Suite 700
     P.O. Box 2046
     Wilmington, Delaware  19899-2046
     (302) 573-6277

DATE: July 23, 2007

OF COUNSEL:  Stephen Walsh
          Acting Solicitor
          United States Patent and Trademark Office

          Janet Gongola
          Nathan Kelley
          William LaMarca
          Associate Solicitors
          United States Patent and Trademark Office
          P.O. Box 15667
          Arlington, Virginia 22215

          Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-279 (GMS) |
| | ) |
| JON W. DUDAS, in his official capacity | ) |
| as Under Secretary of Commerce for | ) |
| Intellectual Property and Director of the | ) |
| United States Patent and Trademark Office, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for a Temporary Restraining Order, (D.I. 22), it is hereby ORDERED that the Motion is DENIED.


Dated:_____                    _____
                                        UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC., | : |
| Plaintiff, | : Civil Action No. 07-279 (GMS) |
| JOHN W. DUDAS, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, | : |
| Defendant. | : |

### AFFIDAVIT OF SERVICE

I, Kathie Gray, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury, that on July 23, 2007, I electronically filed the foregoing **DIRECTOR'S RESPONSE TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** with the Clerk of Court using ECF which will send notification of such filing(s) to the following:

David E. Wilks, Esquire
Reed Smith LLP
1201 Market Street
Suite 1500
Wilmington, DE 19801
(302) 778-7560
dwilks@reedsmith.com


/s/ Kathie Gray
_____
Kathie Gray, Legal Assistant