IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOMERSET PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 07-279 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| JON W. DUDAS, in his official capacity | ) | |
| as Under Secretary of Commerce for | ) | |
| Intellectual Property and Director of the | ) | |
| United States Patent and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

In his opposition to Plaintiff Somerset Pharmaceuticals, Inc.'s ("Somerset") motion for a temporary restraining order and preliminary injunction (the "Motion"), Defendant suggests two bases upon which the Court should deny the requested TRO and defer resolution of the issue until only a few days before Somerset's patent expires. Both suggestions (1) ignore the irreparable harm that will necessarily befall Somerset if its right to seek judicial review of Defendant's denial of Somerset's application for patent term extension is abridged; and (2) misapprehend the straightforward procedural framework which Somerset has proposed for the preservation of the important rights and interests of all parties affected by this matter. Accordingly, Somerset respectfully requests that the Court enter an order consistent with the form it proposed in the Motion.

1. The statutory scheme set forth in the Hatch-Waxman Act is designed to provide innovators of new pharmaceutical drugs relief from forfeiture of valuable patent life for a portion of the time they spend obtaining regulatory approval of their new drugs. Where the Patent and

Trademark Office (the "PTO") denies an innovator an extension of its patent term, that innovator is afforded due process rights to seek judicial review of the PTO's decision under the Administrative Procedure Act. An abridgment of the right to pursue comprehensive judicial review is undeniably an abridgement of the fundamental right to due process and constitutes irreparable harm. *See, e.g., Sullivan v. City of Pittsburgh*, 811 F.2d 171, 183 (3d Cir. 1987).

    2.    In the present case, Somerset devoted eleven years of its patent term seeking FDA approval of its new drug. Somerset then promptly sought an extension of the term of its patent well in advance of the expiration of that term. The PTO failed to act on that application despite persistent prodding by Somerset. The PTO continued in its failure to act. Somerset therefore filed this action in an effort to ensure that the PTO would act on the application within a timeframe which would permit Somerset to obtain full judicial review, including if necessary, appellate review of an adverse determination. The PTO successfully resisted Somerset's first motion for preliminary injunction by assuring the Court that its determination was forthcoming. Now that the PTO has denied Somerset's application at the eleventh hour, Somerset finds itself in the difficult position of seeking judicial review of a complex agency determination in a highly compressed period of time. Somerset therefore requests in the Motion for a preservation of the *status quo* in the form of an extension *pendente lite* of its patent term, in order that the Court may conduct an orderly and comprehensive review of that determination on the merits.

    3.    Defendant resists Somerset's efforts and instead seeks to run out the clock on Somerset's patent term and effectively moot any judicial review of his actions and those of the PTO. In particular, the PTO would prefer that the Court be forced to consider the complex merits of this case on the basis of preliminary injunction briefing that the PTO proposes to conclude on August 9, 2007. That framework would leave only eight days before the patent

expires for the Court to consider and decide the issue. It is obvious that Somerset would have no hope of obtaining appellate review of that decision should it be necessary.

4. Defendant's opposition fails to address the self-evident irreparable harm that Somerset will necessarily suffer in the absence of the injunctive relief it seeks. It is undeniable that destruction of an innovator's patent rights during the uncertain period of judicial review constitutes harm that is wholly irreparable. Though Somerset devoted an enormous amount of resources to the development of the patent at issue here, expended eleven years of its patent term in the pursuit of FDA approval and derives a great majority of its net income from the patent at issue, Defendant cavalierly ignores the damage that a premature expiration of Somerset's patent term would cause. It is entirely uncertain whether a patent may be restored to its full original protected status once a judicial determination is made that a patent was inappropriately allowed to expire. Somerset therefore respectfully submits that the Court should take measures to ensure that its patent rights are preserved while it exercises the due process rights which it is guaranteed.

5. The procedural framework that Somerset proposes is closely tailored to preserve both Somerset's rights and the Defendant's interests. By its own choice, the PTO did not issue a determination on Somerset's application for a patent term extension within a period of time which would permit judicial review before August 18, 2007. Somerset is entirely blameless in the creation of this procedural tangle. Nevertheless, the PTO seeks to force Somerset to shoulder the entire – and irreparable – consequences of the PTO's own delay. Somerset simply asks the Court to ameliorate the effects of the PTO's torpor, afford Somerset the due process it is guaranteed and prevent the destruction of one of its most valuable assets by extending the term of the patent in question until a full and final judicial determination may be made. Somerset

seeks nothing more and respectfully submits that it is entitled to nothing less than a maintenance of the *status quo.*

6.   In support of its efforts to run out the clock and avoid the judicial oversight of its activities that Congress mandated, the PTO rests upon two equally flawed contentions: (1) temporary injunctive relief is inappropriate because Somerset's motion for preliminary injunction may be adjudicated in this Court in advance of the expiration of Somerset's patent; and (2) a temporary restraining order, in any event, would be of insufficient duration to serve the purpose that Somerset seeks to advance. The PTO's contentions ignore several realities. First, Somerset's motion does not seek an immediate judicial review of the merits of the PTO's determination. Rather, Somerset merely seeks to preserve the *status quo* during the pendency of the Courts' review by extending Somerset's patent term until a full judicial review may be completed. Accordingly, the PTO's suggestion that since the Court will have complete briefing on Somerset's motion, Somerset's due process rights will be preserved is inapposite. Defendant would have this Court deprive Somerset not only of a review on the merits in this Court, but also any appellate review in the event of an adverse determination. That position renders the judicial review guaranteed by the Administrative Procedure Act completely meaningless. A review on the merits will require the Court to conduct a detailed analysis of a complex set of facts and statutory provisions. Somerset respectfully submits that such a review is not best performed in the truncated and intense context of a motion for preliminary injunction.

7.   Second, Rule 65(b) provides that temporary restraining orders may be renewed or extended beyond the initial 10-day period, while the Court considers the entry of a preliminary injunction. It is that leeway that Somerset sought to provide the Court in its choice to fashion its motion as one for both a temporary restraining order and a preliminary injunction. In the end,

the important feature of the motion is the relief that Somerset seeks.  Somerset has come before the Court diligently and persistently in an effort to preserve the life of its extremely valuable patent rights until such time as the judiciary definitively determines whether the PTO's determination is correct or incorrect.  Without the injunctive relief sought in the Motion, those patent rights will be lost – potentially forever – on August 18, 2007.

8.    Defendant has failed to rebut Somerset's manifest showing of immediate irreparable harm in the absence of the injunctive relief it seeks and has not challenged here the likelihood of success of Somerset's challenge on the merits.  Accordingly, Somerset respectfully submits that injunctive relief in the form of an extension of its patent term *pendente lite* is wholly appropriate.

WHEREFORE, Somerset Pharmaceuticals, Inc. respectfully requests that the Court enter an order granting its Motion for Temporary Restraining Order and Preliminary Injunction.

REED SMITH LLP

By:  /s/  David E. Wilks
David E. Wilks (Del. Bar # 2793)
1201 Market Street, Suite 1500
Wilmington, Delaware 19801
Tel.  302.778.7560

and

John M. Faust
VINSON & ELKINS L.L.P.
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004-1008
Tel. 202.639.6500

*Attorneys for Plaintiff*

DATED:  July 25, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOMERSET PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO.: 07-279 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| JON W. DUDAS, in his official capacity | ) | |
| as Under Secretary of Commerce for | ) | |
| Intellectual Property and Director of the | ) | |
| United States Patent and Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of the **Plaintiff's Reply In Support Of Its Motion for Temporary Restraining Order and Preliminary Injunction** were served via CM/ECF and Hand-Delivery on July 25, 2007, on the following counsel of record:

COLM CONNELLY
UNITED STATES ATTORNEY
Patricia C. Hannigan
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

                                            REED SMITH LLP

                                               /s/ David E. Wilks
                                            David E. Wilks (DE Bar ID #2793)
                                            1201 Market Street, Ste. 1500
                                            Wilmington, DE 19801
                                            Telephone: (302) 778-7500