IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOMERSET PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JON W. DUDAS, in his official capacity ) <br> as Under Secretary of Commerce for Intellectual Property ) <br> and Director of the United States Patent and Trademark Office, ) <br> ) <br> Defendant. ) <br> ) | Civ. No. 07-279 |

**ORDER**

At Wilmington, this 6th day of August, 2007, having reviewed and duly considered the plaintiff's pending motions for a temporary restraining order and preliminary injunction (D.I. 22) and to amend its complaint (D.I. 24);

IT IS ORDERED that the plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED.[1]  Somerset's first motion for a preliminary injunction argued that it was entitled to an interim extension.  (D.I. 2.)  The Federal Circuit, on review of the court's denial of Somerset's first motion, held that the July 12, 2007 decision of the United States Patent & Trademark Office ("PTO") denying Somerset's application for a patent term extension statutorily precluded the PTO from granting Somerset's request for a one-year interim extension of its patent under 35 U.S.C. § 156(e)(2).  *See Somerset Pharms., Inc. v. Dudas*, No. 2007-1447, slip op. at 3 (Fed. Cir. July 31, 2007).

---

[1] Recognizing that the court has yet to receive the Mandate from the Federal Circuit following its decision on Somerset's appeal, the court issues this Order in anticipation of that Mandate, given the circumstances of this case, including the impending mootness of the injunctive relief requested, and Somerset's acknowledgement and apparent waiver of its rights for rehearing at the appellate level in its July 31st letter to the court (D.I. 30).

In a letter to the court, Somerset acknowledges that "[t]his Court and the Federal Circuit have now both declined to grant *that particular form of interim relief.*" (D.I. 30.) Instead, Somerset seeks, citing the authority of a broader statute, what this court finds as the very same relief—an extension of the term of a patent otherwise listed to expire on August 18, 2007. Only now, Somerset's hurdle is higher in that the PTO deemed its patent ineligible for patent term extension. Since Somerset's second motion requests that the court "enter an order requiring the PTO to undertake such measures as are necessary to preserve the '579 Patent pending judicial review," (D.I. 23 at 20), the "*particular form of interim relief*" Somerset seeks has not changed in its second motion for a preliminary injunction. Rather, Somerset merely alters the basis for its requested relief. This court will not circumvent the operation of a specific statute, as interpreted by the Federal Circuit, under the misplaced authority of a broader statute. *See Morton v. Mancari*, 417 U.S. 535, 550-551 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.").

Furthermore, the court is not persuaded that Somerset will be irreparably harmed by the impending expiration of its patent, or that it is likely to succeed on the merits of its challenge to the PTO's final decision on Somerset's patent term extension application. Denial of Somerset's request for an extension of its patent pending judicial review does not abridge its right to due process as Somerset is not precluded from seeking judicial review of the PTO's decision. The court declines, however, to take the extraordinary action Somerset seeks in the interim.

IT IS FURTHER ORDERED that Somerset's motion to amend its complaint (D.I. 24) is DENIED WITHOUT PREJUDICE. While Somerset's motion to amend stands unopposed[2], the court finds portions of Somerset's proposed amendments moot and/or futile in light of the Federal Circuit's July 31st decision. Any further motion to amend that may be filed shall discuss whether this court has subject matter jurisdiction to review the PTO's final decision denying Somerset's application for patent term extension at this juncture, including whether Somerset has properly exhausted its administrative remedies, and whether the PTO properly remains a named party to the action, in light of this Order denying Somerset's request for injunctive relief.

    /s/ Gregory M. Sleet
CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] The court finds the PTO in violation of Local Rule 7.1.2(b), which provides: "Unless otherwise ordered, once a motion has been deemed served, ***the response thereto shall be filed within 10 days***, as calculated consistent with Fed. R. Civ. P. 6(a) and (e) and CM/ECF Procedures."